**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2420**

KIMBERLY COVARRUBIAS,

        Plaintiff - Appellant,

    v.

CITIMORTGAGE, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:14-cv-00157-JAG)

Submitted: August 20, 2015      Decided: September 1, 2015

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellant. Anand V. Ramana, Elizabeth H. Goodall, MCGUIREWOODS LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Covarrubias appeals the district court's orders granting summary judgment and judgment on the pleadings in favor of CitiMortgage, Inc. ("CMI") and dismissing the case with prejudice. In November 2011, CMI foreclosed on Covarrubias' home after she defaulted on the mortgage. Covarrubias' lawsuit asserted that CMI improperly foreclosed by failing to comply with U.S. Department of Housing and Urban Development regulations ("HUD regulations") incorporated into the deed of trust, and committed actual fraud by foreclosing shortly after a CMI representative assured her that foreclosure would be deferred. On appeal, Covarrubias contends that the district court erred in determining that CMI's breach of HUD regulations did not result in her claimed damages (Count One), and that Covarrubias failed to support her fraud claim (Count Three).[*] We affirm in part and vacate in part.

We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party. Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). "The court shall grant summary judgment if the movant

---

[*] Covarrubias disclaims any challenge to the district court's other dispositive holdings, which accordingly are abandoned on appeal. Fed. R. App. P. 28(a)(8)(A); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry in a summary judgment analysis, then, is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

"The nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted), and "cannot defeat summary judgment with merely a scintilla of evidence," Am. Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009). In our review of summary judgment, we do not weigh the evidence or make credibility determinations. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004). We will uphold a grant of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party

3

on the evidence presented. EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

## I.

To prevail on a breach of contract claim under Virginia law, a plaintiff must show that: (1) the defendant owed her a legally enforceable obligation; (2) the defendant violated that obligation; and (3) she suffered injury or damage as a result of the defendant's breach. Filak v. George, 594 S.E.2d 610, 619 (Va. 2004). The plaintiff bears the burden of establishing the causal link between the alleged breach and damages claimed. Saks Fifth Ave., Inc. v. James, Ltd., 630 S.E.2d 304, 311 (Va. 2006).

Virginia courts construe deeds of trust as contracts. Mathews v. PHH Mortg. Corp., 724 S.E.2d 196, 200 (Va. 2012). Accordingly, lenders "must comply with all conditions precedent to foreclosure in a deed of trust even if the borrowers are in arrears." Id. at 199. Where the deed of trust requires compliance with incorporated HUD regulations, "the face-to-face meeting requirement [of 24 C.F.R. § 203.604(b) (2015)] is a condition precedent to the accrual of the rights of acceleration and foreclosure." Id. at 202.

Here, CMI was obligated under HUD regulations to conduct, or make a reasonable effort to conduct, a face-to-face meeting prior to foreclosure. The record reveals CMI failed to do so.

4

The record also reveals Covarrubias presented prima facie evidence of causation. She produced evidence demonstrating a willingness and ability to bring the mortgage current had CMI arranged a face-to-face meeting, and sufficiently showed a loss of equity as a direct result of the foreclosure. Thus, construing the evidence in the light most favorable to Covarrubias, we conclude that a rational jury could reasonably conclude that a face-to-face meeting, as required, may have resulted in an outcome other than foreclosure and the consequent loss of Covarrubias' equity.

## II.

Covarrubias next challenges the district court's dismissal of her actual fraud claim. To prevail, Covarrubias must demonstrate that she relied on an intentional or knowing misrepresentation by CMI and suffered harm by such reliance. Weidman v. Exxon Mobil Corp., 776 F.3d 214, 219 (4th Cir.), cert. denied, 135 S. Ct. 2868 (2015); Station #2, LLC v. Lynch, 695 S.E.2d 537, 540 (Va. 2010). A misrepresentation occurs if the party "makes a promise that, when made, [it] has no intention of performing." Station #2, LLC, 695 S.E.2d at 540 (internal quotation marks omitted). Covarrubias bears the burden of proving each element "by clear and convincing evidence." Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.,

507 S.E.2d 344, 346 (Va. 1998).  We discern no error by the district court.

Accordingly, we vacate the district court's order granting summary judgment in CMI's favor as to Covarrubias' breach of contract claim involving the requirements to offer or conduct a face-to-face meeting and remand for further proceedings consistent with this opinion.  We affirm in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED
